UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

WILLIAM WHITE                                                    PLAINTIFF

V.                                       CIVIL ACTION NO. 3:14-cv-188-FKB

MTC, ET AL.                                                DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on Defendants' Motion for Summary Judgment. [21]. Having considered the entire record in this matter, the Court concludes that the motion is well-taken and is hereby granted.

BACKGROUND

Plaintiff filed this lawsuit *pro se* and pursuant to 42 U.S.C. § 1983, challenging the conditions of his confinement at East Mississippi Correctional Facility ("EMCF"). [1]. Defendants Management & Training Corporation ("MTC"),[1] Warden Jerry Buscher, Ray Rice, Wendell Banks, Derrell Grady, Quincy Dukes and Henry Johnson were assigned to work at EMCF. The Court held an omnibus or *Spears* hearing in this matter on July 16, 2014, during which Plaintiff was afforded the opportunity to fully explain his claims.[2] At the hearing, all parties consented to the undersigned deciding this case in its entirety. [17].

Plaintiff alleges that while he was incarcerated at EMCF, he was subjected to deplorable living conditions in violation of his constitutional rights. Plaintiff alleges that there were lock downs

---

[1] MTC was under contract to operate EMCF during the relevant time period.

[2] *See Spears v. McCotter*, 766 F.2d 179, 180 (5th Cir. 1985).

1

for extended periods and there were constant problems with heating and cooling in the facility, as well as problems with plumbing, broken lights, excessive noise, and exposure to smoke from fires set by inmates. Plaintiff claims that clean laundry was infrequently provided and the facility was generally unclean. Plaintiff alleges the food was served cold. Plaintiff asserts that inmates received inadequate exercise, had insufficient access to the law library, and suffered delays in receipt of medical care.

Plaintiff also claims that although he was stabbed by another inmate while defending himself, he received two rule violations reports ("RVRs") regarding the incident and received no medical treatment for his stab wound. Plaintiff further alleges that Defendants later retaliated against him for reporting the stabbing incident by planting a cell phone in his cell, resulting in another RVR.

## STANDARD OF REVIEW

"Summary judgment is appropriate if the moving party can show that 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *United States v. Renda Marine, Inc.,* 667 F.3d 651, 655 (5th Cir. 2012) (quoting Fed.R.Civ.P. 56(a)). "A factual dispute is 'genuine' where a reasonable party would return a verdict for the nonmoving party." *Chiu v. Plano Indep. Sch. Dist.,* 339 F.3d 273, 282 (5th Cir. 2003) (quoting *Lukan v. North Forest Indep. Sch. Dist.,* 183 F.3d 342, 345 (5th Cir. 1999)). When considering a summary judgment motion, a court "must review all facts and evidence in the light most favorable to the non-moving party." *Juino v. Livingston Parish Fire Dist. No. 5,* 717 F.3d 431, 433 (5th Cir. 2013). However, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir.

2003) (citing *Bridgmon v. Array Sys. Corp.,* 325 F.3d 572, 577 (5th Cir. 2003); *Hugh Symons Group, plc v. Motorola, Inc.,* 292 F.3d 466, 468 (5th Cir. 2002)).

## EXHAUSTION

Defendants contend that Plaintiff failed to exhaust administrative remedies with respect to his claims in this lawsuit, except with respect to his claims concerning the two RVRs resulting from the stabbing incident and the RVR concerning the cell phone.[3] Plaintiff did not respond to the motion for summary judgment, but in his complaint he indicated that he had exhausted administrative remedies. The complaint states: "The procedure does not answer the steps so it is impossible to complete the process." [1] at 3. Plaintiff has not, however, provided copies of any allegedly unanswered grievances.

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This statute clearly requires an inmate bringing a civil rights action in this Court to first exhaust his available administrative remedies. *Booth v. Churner*, 532 U.S. 731, 739 (2001). Exhaustion is no longer left to the discretion of the district court, but is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). Exhaustion will not be excused when an inmate fails to timely exhaust his administrative remedies; the exhaustion requirement also means "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006). It is not enough to merely initiate the grievance process or to put prison officials on notice of a

---

[3]Plaintiff did file and exhaust a grievance regarding cold food and a lack of attention to the inmates while he was housed in Unit 6, but not a grievance concerning the conditions of Unit 5, which is the unit Plaintiff referenced in the complaint. [1] at 6; [21-3] at 2.

3

complaint; the grievance process must be carried through to its conclusion. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). This is so regardless of whether the inmate's ultimate goal is a remedy not offered by the administrative process, such as money damages. *Id.*

Plaintiff admits that he was aware of the grievance process. He successfully completed it with respect to some of his claims. However, as noted *supra*, he has not responded to Defendants' assertion that he did not complete the process with respect to all claims brought in this lawsuit. In support of their motion, Defendants submitted Plaintiff's grievance file. [21-3]. In addition to the grievances concerning the RVRs and his time in Unit 6, Plaintiff submitted a grievance regarding his requested transfer out of Unit 5B, the unit at issue in this lawsuit. In that grievance, Plaintiff did reference the living conditions of Unit 5B. However, that grievance was submitted on May 26, 2014, well after this lawsuit was filed. [1]. Exhaustion after filing suit is insufficient. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). Accordingly, the Court finds that Plaintiff has failed to exhaust administrative remedies, except with respect to his due process claims arising from the three RVRs.[4]

## UNIT 6

Alternatively and if Plaintiff is asserting claims in this lawsuit concerning his time in Unit 6 after the altercation, as he alleged during the omnibus hearing, he has failed to state a claim. [21-2] at 25. The Fifth Circuit has described the Eighth Amendment prohibition of cruel and unusual punishment as follows:

> While the Constitution does not require that custodial inmates be housed in comfortable prisons, the Eighth Amendment's prohibition against cruel

---

[4] Plaintiff did not exhaust with respect to his claim that he was denied medical attention after the alleged stabbing. [21-3] at 2.

>and unusual punishment does require that prisoners be afforded "humane conditions of confinement" and prison officials are to ensure that inmates receive adequate food, shelter, clothing, and medical care. In order to establish an Eighth Amendment violation regarding conditions of confinement, an inmate must establish: first, that the deprivation alleged was sufficiently serious (i.e., an official's act or omission must have resulted in the denial of "the minimal civilized measure of life's necessities"); and second, that the prison official possessed a sufficiently culpable state of mind. The required state of mind for cases related to prison conditions is that the official acted with deliberate indifference to inmate health or safety. Deliberate indifference is established by showing that the defendant officials "(1) were aware of facts from which an inference of excessive risk to the prisoner's health or safety could be drawn and (2) that they actually drew an inference that such potential for harm existed."

*Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001)(internal citations omitted).

Plaintiff's conclusory allegations about the conditions of confinement at EMCF, and in Unit 6 in particular, do not meet this standard. Cold food does not violate the constitution. *Logan v. Black*, 983 F.2d 1063 (5th Cir. 1993). The majority of Plaintiff's complaints concerning Unit 6, as set out in his RVR, appear to concern issues other inmates may have had, not Plaintiff. [21-3] at 19-20. Plaintiff's RVR does state that he was denied medical attention for a rash and ringworm. However, Plaintiff did not mention this during the hearing. Plaintiff specifically testified that the only injury he allegedly suffered as a result of all his claims was the cut he received during the altercation, which healed without a scar. [21-2] at 16-17. Plaintiff made no reference at the hearing to seeking medical attention at any time other than after the altercation, nor does his complaint reference any other specific request for medical attention. [1]. Plaintiff's claims concerning Unit 6 fail to state a claim for violation of the Eighth Amendment.

## THE RVRS

On August 21, 2013, Plaintiff was involved in an altercation with another inmate, the "stabbing" referenced in his complaint. Plaintiff alleges that he was attacked and stabbed while

defending himself. [21-2] at 9. Plaintiff received two RVRs as a result of the incident–one for assault and one for possession of a knife. *Id.* at 13. Plaintiff claims that his due process rights were violated in connection with the RVRs. Plaintiff also claims a cell phone was planted in his cell in retaliation for his having reported the stabbing, and he wrongfully received an RVR for possession of the cell phone. *Id.* at 15-16.

With respect to all the RVRs, Plaintiff had a hearing before a disciplinary hearing officer ("DHO"), who heard his defense. *Id.* at 27-28. Plaintiff claims the DHO would not call Plaintiff's witnesses. Plaintiff also alleges that his rights were violated during the hearing concerning the weapon because no weapon was produced. As a result of the RVRs, Plaintiff was placed in "C custody" instead of "B custody" and was placed in long-term administrative segregation. [21-2] at 15.

Before addressing Plaintiff's complaints concerning procedural due process in connection with the hearings, the Court must determine whether Plaintiff had a protected liberty interest at stake, or substantive due process right. In *Sandin v. Conner*, 515 U.S. 472 (1995), the United States Supreme Court held that the Due Process Clause only protects against freedom from restraint which imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." 515 U.S. at 484. The *Sandin* Court reiterated that not every change in an inmate's conditions of confinement, even one with a substantial adverse impact on the prisoner, violates due process. *Id.* at 478. *Sandin* involved segregation for disciplinary purposes and the Court concluded that an inmate does not have a protected liberty interest in remaining free from disciplinary segregation. *Id.* at 475-76, 487. "Inmates have neither a protectable property or liberty interest to any particular housing assignment or custodial classification, either under the United States

Constitution or under Mississippi law." *Allen v. Epps*, 2013 WL 6238653, at *2 (N.D. Miss. Dec. 3, 2013). Since Plaintiff had no protected interest, his procedural due process claims fail. *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).

Plaintiff's retaliation claim fails as well. "To prevail on a claim of retaliation, a prisoner must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *McDonald v. Steward,* 132 F.3d 225, 231 (5th Cir. 1998). Plaintiff has not established any of the foregoing. Plaintiff's grievance concerning the cell phone RVR does not reference any alleged retaliation. [21-3] at 26. He has not described how the alleged cell phone incident, which took place approximately four months after the altercation, was in any manner connected to the altercation or Plaintiff's role in the altercation. Nor has Plaintiff described why he believes any Defendant retaliated against him. Plaintiff has made an unsupported assertion that the matters are somehow related. *Id.* Plaintiff failed to state a claim for retaliation.

## CONCLUSION

Based on the foregoing, the Court hereby grants Defendants' motion. The unexhausted claims are dismissed without prejudice and the exhausted claims are dismissed with prejudice. A separate judgment will be entered.

SO ORDERED, this the 5th day of February, 2015.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE